UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

GLENN E. HOPPER,

Plaintiff,

v.

NATIONSTAR MORTGAGE, LLC,

Defendant.

6:16-cv-00884-AA
OPINION AND ORDER

AIKEN, Judge:

Plaintiff filed this action alleging a single violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 et seq.  Plaintiff seeks damages and attorney fees relating to the alleged RESPA violation.  Defendant moves to dismiss plaintiffs' claims for failure to state a claim on which relief may be granted. Fed. R. Civ. P. 12(b)(6).  For the stated reasons, defendant's motion is denied.

## STANDARD

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint is construed in favor of the plaintiff, and its well-pleaded factual allegations are taken as true. *Daniels-Hall v. Nat'l*

*Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "[G]enerally, the scope of review on a motion to dismiss for failure to state a claim is limited to the Complaint." *Id.* The court may consider documents if they are attached to the complaint or if the complaint "necessarily relies" on the document. *Id.* at 998-99. The court need not accept "conclusory" allegations, "unwarranted deductions of fact, or unreasonable inferences." *Id.* Instead, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## BACKGROUND

On February 2, 2006, Plaintiff opened a mortgage loan account for his principle residence located at 3624 NE 45th St., Redmond, OR 97756. Compl. ¶ 5. Defendant is responsible for servicing the mortgage loan account as the beneficial holder with the right to receive payments. Compl. ¶ 8. Plaintiff alleges that on November 7, 2014 and December 12, 2014, he made two, $1500 payments which defendant subsequently failed to properly apply to his mortgage loan account. Compl. ¶ 11. Plaintiff further alleges that, as a result of defendant's failure to apply the November and December payments, late fees and other fees were assessed on his mortgage loan account. Compl. ¶ 13.

On February 18, 2016, plaintiff, by and through his counsel, sent a Qualified Written Request (QWR) to defendant regarding his mortgage loan account. Compl. ¶ 14. Plaintiff's QWR notified defendant that plaintiff believed the servicing of the mortgage loan account was in error. Compl. Ex. A. The QWR additionally requested that defendant conduct an investigation

2 - OPINION AND ORDER

and make necessary corrections no later than the time provided under RESPA. *Id.* In the event that defendant believed plaintiff's mortgage loan account was not in error, plaintiff's QWR requested that information be provided describing why defendant believed the account was correct. *Id.* Plaintiff alleges that defendant received the QWR on February 23, 2016. Compl. ¶ 15.

Plaintiff further alleges that defendant was required to notify plaintiff of receipt of his QWR no later than March 1, 2016 and provide a substantive response no later than April 5, 2016. *Id.* Plaintiff alleges that due to a lack of response, additional mailing fees were incurred along with the denial of refinancing on the property, which resulted in an additional $800 per month in missed savings. Compl. ¶ 16-17. Plaintiff brought this action to recover damages for mailing fees, the $800 monthly savings as well as damages for pain and emotional suffering. Compl. ¶ 27-31. Plaintiff also seeks attorney's fees. Compl. ¶ 24.

## DISCUSSION

Defendant moves for dismissal of plaintiff's claims, arguing that they fail as a matter of law for two reasons. First, defendant argues that plaintiff is factually mistaken, because it sent a letter in response to plaintiff's QWR. Second, defendant argues that plaintiff did not adequately plead the plausibility of damages resulting from the alleged RESPA violation. For the following reasons, both arguments are unconvincing at this stage of the proceedings and defendant's motion to dismiss is denied.

Defendant's argument that a response was provided, thereby refuting plaintiff's claim, is based on a letter dated April 4, 2016 ("Acknowledgment Letter"), referred to in Defendant's Motion to Dismiss. *See* Decl. of Kristine E. Kruger, Ex. 1. However, the court generally cannot consider documents outside of the Complaint in ruling on a motion to dismiss. The court may

consider documents aside from the complaint when the documents are attached to the complaint, the complaint "necessarily relies" on the documents, or the documents are matters of judicial notice. *See Daniels-Hall*, 629 F.3d at 998.

Here, the Complaint alleges that "[d]efendant failed to provide Plaintiff with Acknowledgment of [plaintiff's QWR]," Compl. at ¶ 7, and the Acknowledgement Letter is not attached to the Complaint.

A complaint "necessarily relies" on a document if: "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Daniels-Hall*, 629 F.3d at 998 *(citing Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir.2006)). The Acknowledgment Letter is not directly referenced in the Complaint and the authenticity of the letter has been challenged by plaintiff. Pl.'s Resp. in Opp'n at 5. For those reasons, the Complaint does not "necessarily rely" on the Acknowledgment Letter and is not considered.

Moreover, none of the documents in this case have been the subject of judicial notice and therefore the Acknowledgment Letter is not considered on those grounds. Thus, the Acknowledgment Letter is outside of the scope of the Complaint, and cannot be considered on a motion to dismiss.

Finally, the court is not inclined to convert Defendant's Motion to Dismiss into a motion for summary judgment. Under Rule 12(d): "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). When a court converts a Rule 12(b)(6) motion into a motion for summary judgment, "it must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, 42 F.3d 903, 907 (9th Cir.

2003). This case has unresolved factual disputes over document authenticity and communication timelines. Due to the early stage of this case, the court is not inclined to convert defendant's motion.

Next, defendant argues that the Complaint fails to allege adequate facts which create the plausibility of damages stemming from the purported RESPA violation. RESPA provides the following damages provision:

> Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts: ... (A) any actual damages to the borrower as a result of the failure; and (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000.

12 U.S.C. § 2605(f)(1). A well-pleaded complaint under RESPA must contain allegations of actual damages stemming from the conduct of the defendant. *See Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 665 (9th Cir. 2012) ("If the servicer fails to respond properly to [a qualified written request], the statute entitles the borrower to recover actual damages and, if there is a 'pattern or practice of noncompliance,' statutory damages. . ."); *Lettenmaier v. Federal Home Loan Mortg. Corp.*, No. 11-156HZ, 2011 WL 3476648, at *12 (D. Or. Aug. 8, 2011).

Here, plaintiff adequately alleges factual content in his Complaint that allows the court to draw the reasonable inference that defendant's alleged RESPA violation is the cause of plaintiff's harm. Plaintiff alleges: "Plaintiff would save approximately $800 per month by refinancing the Property" and "[a]s a direct result of Defendant's Failure to Respond to QWR 1, Plaintiff is unable to refinance the Property." Compl. at ¶ 18. The loss of $800 per month due to an inability to refinance qualifies as actual pecuniary damages. Taking all factual allegations in the Complaint as true, it is reasonable to infer that defendant's failure to respond to plaintiff's QWR may have adversely affected plaintiff's ability to refinance, resulting in financial harm.

Thus, construing the facts alleged in favor of plaintiff, I find that he sufficiently alleges

defendant failed to comply with RESPA's response requirements resulting in actual damages.

## CONCLUSION

Defendant's Motion to Dismiss (ECF No. 9) is DENIED.

IT IS SO ORDERED.

Dated this _20_ day of September, 2016.

Ann Aiken
United States District Judge

6   -   OPINION AND ORDER