UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| GLENN E. HOPPER, | 6:16-cv-00884-AA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| NATIONSTAR MORTGAGE, LLC, | |
| Defendant. | |

AIKEN, Judge:

Plaintiff filed this action alleging a single violation of the Real Estate Settlement Procedures Act ("REPSA"). 12 U.S.C. § 2601 *et seq.* Defendant moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons set forth below, defendant's motion is denied.

**BACKGROUND**

Plaintiff, Glenn Hopper, resides in a residential property subject to a mortgage loan to which defendant is the beneficial holder of the right to receive payments. *See* Compl., 2. Defendant, Nationstar Mortgage, LLC, is a mortgage loan servicer as defined by REPSA. *Id.* at 3; 12 U.S.C. § 2601(i)(2). Plaintiff asserts he made two $1,500 payments to defendant on

November 7, 2014, and December 12, 2014, for application to his mortgage loan. Plaintiff further asserts that defendant failed to apply these payments to his mortgage loan account. Compl. at 3. As a result, defendant charged late fees and other fees to plaintiff's loan account. *Id.*

On February 18, 2016, plaintiff sent a qualified written request ("QWR") to defendant. *Id.* Under REPSA, a mortgage loan servicer must provide a written response of acknowledgement to any QWR for information relating to the servicing of a loan within five business days. 12 U.S.C. § 2605(e)(1). 12 U.S.C. § 2605(e)(2) further provides that within 30 days of receipt of a QWR, the mortgage loan servicer must: (1) "make appropriate corrections in the account of the borrower[.]" *Id.* at § 2605(e)(2)(A); (2) conduct an investigation and provide the borrower a written explanation of why the account is correct. *Id.* at § 2605(e)(2)(B); or (3) conduct an investigation and provide the borrower a written explanation of why the information requested is unavailable. *Id.* at § 2605(e)(2)(C).

Plaintiff alleges that defendant never responded to his QWR, and instead sent him notices that his account was past due, in default, and in danger of foreclosure, causing him to suffer emotional distress. Compl. at 4. In early April 2016, plaintiff sought to refinance his property with a different mortgage loan servicer. Plaintiff alleges that the refinance of the mortgage loan would have saved him $800 monthly compared to his current mortgage loan with defendant. *Id.* Plaintiff avers that defendant's failure to respond to his QWR directly resulted in his inability to refinance his mortgage loan. *Id.*

On April 7, 2016, plaintiff sent defendant a second QWR. On April 14, 2016, defendant sent plaintiff a written acknowledgement of the second QWR.[1] *Id.* at 5; Kruger Decl. Ex. 2 (doc. 10-2).

Plaintiff filed the present action on May 20, 2017. His only claim for relief is based on defendant's failure to timely respond to his first QWR, in violation of REPSA.[2] *Id.* at 5–6. Plaintiff asserts damages of: (1) expenses incurred corresponding with defendant; (2) attorneys' fees related to attempting to correct defendant's errors; (3) a negatively impacted credit; and (4) emotional distress. *Id.* at 6. Plaintiff seeks the following judgment: (1) $3,086.78 comprising of attorneys' fees, expenses related to correspondence, and emotional distress damages; and (2) $800 per month from May 2016, onward reflecting pecuniary damages incurred from the inability to refinance the mortgage loan.

Defendant filed a motion to dismiss for failure to state a claim, asserting it responded to plaintiff's February 18, 2016 QWR with an acknowledgement letter dated April 4, 2016, which was denied. *See Hopper v. Nationstar Mortg., LLC*, 2016 WL 5339577, *1 (D. Or. Sept. 20, 2016) (doc. 17).

Now, defendant moves for summary judgment pursuant to Federal Rule of Civil Procedure 56, alleging that there is no genuine issue of material fact. *See* Mot. Summ. J., 1 (doc. 25).

---

[1] The April 14, 2016, acknowledgement of receipt of plaintiff's second QWR is the only correspondence about which the parties agree. However, plaintiff's claim for relief is based solely on defendant's lack of response to his first QWR. Compl. at 5–6. Therefore, the correspondence stemming from the second QWR is not relevant to this dispute.

[2] REPSA provides damages and costs to aggrieved parties when a mortgage loan servicer fails to comply with REPSA. 12 U.S.C. § 2605(f). For an individual, damages include: (1) actual damages resulting from the failure to comply with REPSA; (2) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of § 2605, in an amount not to exceed $2,000; and (3) costs and attorneys' fees. *Id.* at §§ 2605(f)(1), (3).

## STANDARDS

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine issue of material fact. *Id.*; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324. "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008).

## DISCUSSION

Here, defendant moves for summary judgment, asserting that there is no genuine dispute of material fact because it sent plaintiff timely correspondence in response to his first QWR, in compliance with REPSA. Mot. Summ. J. at 3–4. Defendant entered three letters into the record to support this argument. *See* Kruger Decl. Supp. Mot. Summ. J. Ex. 3. This evidence, viewed on its own, establishes the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(a). However, in response, plaintiff, the nonmoving party, goes beyond the pleadings and identifies facts that show a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324. I discuss the parties' positions in greater detail below.

Defendant proffers its correspondence with plaintiff to demonstrate it responded to plaintiff's first QWR. Kruger Decl. Supp. Mot. Summ. J. Ex. 3 (doc. 26-3). Specifically, defendant references: (1) a letter dated February 25, 2016, acknowledging receipt of plaintiff's first QWR and advising him to expect a response by March 30, 2016; (2) a letter dated April 4,

2016, again acknowledging receipt of plaintiff's first QWR and advising him to expect a response by April 25, 2016; and (3) a letter dated April 25, 2016, advising plaintiff that no errors were identified during the course of defendant's investigation. *Id.* Defendant asserts that its correspondence with plaintiff demonstrates compliance with REPSA. Mot. Summ. J. at 3–4.

Plaintiff responds to defendant's Motion for Summary Judgment with two arguments. *See* Resp. Mot. Summ. J. (doc. 28). First, plaintiff generally challenges the authenticity of the letter dated April 4, 2016, and April 25, 2016. *Id.* at 3. Second, plaintiff argues that defendant's proffered correspondence with plaintiff does not demonstrate that any of the letters were ever actually sent. *Id.* Plaintiff enters into the record a document obtained in discovery titled "collection history profile." *See* Harpham Decl. Supp. Resp. Mot. Summ. J. (doc. 29). This document is defendant's internal record of its "actions in communicating with Plaintiff, including the preparation and mailing of letters." Resp. Mot. Summ. J. at 4. Plaintiff asserts the collection history profile "is devoid of any reference to the creation of the April 4, 2016 letter . . . or that such letter was actually sent." *Id.* Plaintiff notes that the collection history profile *does* show at least partial records of the February 25, 2016, and the April 25, 2016, correspondence. Harpham Decl. Supp. Resp. Mot. Summ. J. at 4, 10. The collection history profile generally seems to indicate when correspondence was processed and sent. Again, there is no indication that the April 4, 2016 letter was sent, or even existed. *See id.*

In response, defendant argues that the letters, including the April 4, 2016 letter, are authentic because they: (1) are on Nationstar Mortgage, LLC's letterhead; and (2) were produced during discovery. Reply Supp. Mot. Summ. J., 2 (doc. 30). Defendant also argues there is no genuine issue of material fact because plaintiff did not put forth any evidence to show that the

April 4, 2016, letter was never sent. Defendant claims plaintiff only establishes "metaphysical doubt[.]" *Id.* at 4.

Indeed, plaintiff has established a genuine issue for trial on the question of whether the April 4, 2016, was sent.[3] The collection history profile denotes defendant's "actions in communicating with Plaintiff, including the preparation and mailing of letters[,]" yet it does not list any reference of the April 4, 2016, letter at issue, nor does it indicate such letter was ever sent. Resp. Mot. Summ. J. at 4; *see* Harpham Decl. Supp. Resp. Mot. Summ. J. The existence of a discrepancy in defendant's records is not to say the issue is resolved in plaintiff's favor. But defendant's argument that "[n]o reasonable jury could conclude ... that [defendant] failed to send the April 4th letter" necessarily fails. Reply Supp. Mot. Summ. J. at 4. Based on the evidence currently in the record, I am confident that a reasonable jury, drawing all inferences in plaintiff's favor, could conclude that defendant failed to send the April 4, 2016, letter.

Additionally, questions of fact remain about the letter defendant allegedly sent on February 25, 2016. Plaintiff maintains that the summary judgment record provides no information indicating that the February 25, 2016, letter was actually sent. Resp. Mot. Summ. J. at 3. Defendant's collection history profile only says that the February 25 letter was "processed[,]" not sent. Harpham Decl. Supp. Resp. Mot. Summ. J. at 4. In contrast, other entries in the collection history profile specifically say that a letter was sent. *See id.* at 5–8, 10.

At trial, both parties may put forth testimony to support their respective positions. There may be compelling evidentiary support for either party's position outside of the summary

---

[3] I note that the while the letters may or may not be authentic, that issue need not be resolved to determine that a genuine issue of material fact remains as to whether the April 4, 2016, letter was actually sent in response to plaintiff's QWR.

judgment record. In sum, because the summary judgment record is open to multiple interpretations, summary judgment is inappropriate.

## CONCLUSION

Defendant's Motion for Summary Judgment (doc. 25) is DENIED. Discovery has closed in this case, and all other pretrial deadlines have expired. This matter is referred to Magistrate Judge Thomas Coffin for a settlement conference. The parties are ordered to contact Paul Bruch, Judge Coffin's courtroom deputy, at 541-431-4111 or paul_bruch@ord.uscourts.gov, within 21 days of this order to schedule a settlement conference.

IT IS SO ORDERED.

Dated this 24 day of August, 2017.

_____
Ann Aiken
United States District Judge